IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| v. | Case No. _____ |
| ROBERT FLOYD PETERICK,<br>a/k/a "CONCRETE ROB;"<br>DAVID JEFFREY FARNSWORTH;<br>KIM DAVIS JOHNSON;<br>PAMELA BAILEY;<br>WENDY DAWN LAHM;<br>CHRISTOPHER JAY BAUMGARTNER,<br>a/k/a "THUNDER;"<br>CASEY LEE URBATSCH;<br>GENE VINCENT HONDL;<br>JOSHUA NEWLIN, a/k/a "BISCUIT;" and<br>AMANDA OROZCO | Violations:  18 U.S.C. §§ 2, 922(g)(1),<br>922(g)(9), 924(a)(2), and<br>924(c)(1)(A)(i); and 21 U.S.C.<br>§§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(B),<br>841(b)(1)(C), 846, and 853 |

COUNT ONE

**Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine**

The Grand Jury Charges:

From in or about 2015 and continuing until the date of this Indictment, in the

District of North Dakota, and elsewhere,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB;"
DAVID JEFFREY FARNSWORTH;
KIM DAVIS JOHNSON;
PAMELA BAILEY;
WENDY DAWN LAHM;
CHRISTOPHER JAY BAUMGARTNER, a/k/a "THUNDER;"
CASEY LEE URBATSCH;
GENE VINCENT HONDL;
JOSHUA NEWLIN, a/k/a "BISCUIT;" and
AMANDA OROZCO;

knowingly and intentionally combined, conspired, confederated, and agreed together and with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

Drug Quantity

With respect to defendants ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB," and DAVID JEFFREY FARNSWORTH, the amount involved in the conspiracy attributable to each of these defendants as a result of each defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to each defendant, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

With respect to defendants KIM DAVIS JOHNSON; PAMELA BAILEY; WENDY DAWN LAHM; CHRISTOPHER JAY BAUMGARTNER, a/k/a "THUNDER;" CASEY LEE URBATSCH; GENE VINCENT HONDL; and JOSHUA NEWLIN, a/k/a "BISCUIT," the amount involved in the conspiracy attributable to each of these defendants as a result of each defendant's own conduct, and the conduct of other conspirators reasonably foreseeable to each defendant, is 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(B).

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.    It was a part of said conspiracy that the defendants and others would and did distribute, and possess with intent to distribute, methamphetamine, a Schedule II controlled substance, in the District of North Dakota, and elsewhere, including, but not limited to, the following:

a.    On or about January 12, 2016, defendants JOSHUA NEWLIN and GENE VINCENT HONDL, individually and by aiding and abetting, distributed approximately 1 ounce of a mixture and substance containing a detectable amount of methamphetamine to another person;

b.    On or about January 18, 2016, defendants JOSHUA NEWLIN and GENE VINCENT HONDL, individually and by aiding and abetting, distributed approximately one-half (1/2) ounce of a mixture and substance containing a detectable amount of methamphetamine to another person;

c.    On or about January 19, 2016, defendant GENE VINCENT HONDL, individually and by aiding and abetting, distributed approximately 1 ounce of a mixture and substance containing a detectable amount of methamphetamine to another person;

d.    On or about January 20, 2016, defendants JOSHUA NEWLIN and

GENE VINCENT HONDL, individually and by aiding and abetting,

distributed approximately 1 ounce of a mixture and substance

containing a detectable amount of methamphetamine to another

person;

e.    On or about January 29, 2016, defendant DAVID JEFFREY

FARNSWORTH distributed approximately 1 ounce of a mixture and

substance containing a detectable amount of methamphetamine to

another person;

f.    On or about February 1, 2016, defendant ROBERT FLOYD

PETERICK distributed approximately 4 ounces of a mixture and

substance containing a detectable amount of methamphetamine to

another person;

g.    On or about February 11, 2016, defendant DAVID JEFFREY

FARNSWORTH distributed approximately 10 ounces of a mixture

and substance containing a detectable amount of methamphetamine

to another person;

h.    On or about February 13, 2016, defendant DAVID JEFFREY

FARNSWORTH distributed approximately 2 ounces of a mixture

and substance containing a detectable amount of methamphetamine

to another person;

i.      On or about March 8 - 9, 2016, defendant ROBERT FLOYD PETERICK distributed approximately 1 gram of a mixture and substance containing a detectable amount of methamphetamine to another person;

j.      On or about March 10 - 11, 2016, defendant ROBERT FLOYD PETERICK distributed approximately 6 ounces of a mixture and substance containing a detectable amount of methamphetamine to another person

k.      On or about March 18 - 19, 2016, defendant ROBERT FLOYD PETERICK distributed approximately 3 ounces of a mixture and substance containing a detectable amount of methamphetamine to another person;

l.      On or about March 28 - 29, 2016, defendant ROBERT FLOYD PETERICK distributed approximately 3 ounces of a mixture and substance containing a detectable amount of methamphetamine to another person;

m.      On or about April 14, 2016, defendants KIM DAVIS JOHNSON and ROBERT FLOYD PETERICK, individually and by aiding and abetting, distributed approximately 1 pound of a mixture and substance containing a detectable amount of methamphetamine to another person; and,

      n.      On or about May 5, 2016, defendant GENE VINCENT HONDL and AMANDA OROZCO possessed approximately 3 ounces of a mixture and substance containing a detectable amount of methamphetamine with intent to distribute the same to another person;

2.      It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3.      It was a further part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

4.      It was a further part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine and other controlled substances;

5.      It was a further part of said conspiracy that one or more conspirators traveled between North Dakota and other states to obtain and distribute methamphetamine;

6.      It was a further part of said conspiracy that one or more conspirators possessed firearms to protect and conceal their drug trafficking activity;

7.      It was a further part of said conspiracy that one or more conspirators collected money owed to other conspirators from individuals to whom methamphetamine and other controlled substances had been distributed; and,

8.      It was a further part of said conspiracy that one or more conspirators provided, gave, and pledged motor vehicles and titles to motor vehicles as collateral for

the receipt and future distribution of methamphetamine; and received, took, repossessed, and seized motor vehicles and titles to motor vehicles as payment for distribution of methamphetamine;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

COUNT TWO

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about January 12, 2016, in the District of North Dakota,

JOSHUA NEWLIN, a/k/a "BISCUIT," and
GENE VINCENT HONDL,

individually and by aiding and abetting, knowingly and intentionally distributed

approximately one (1) ounce of a mixture and substance containing a detectable amount

of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

<u>COUNT THREE</u>

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about January 18, 2016, in the District of North Dakota,

JOSHUA NEWLIN, a/k/a "BISCUIT," and
GENE VINCENT HONDL,

individually and by aiding and abetting, knowingly and intentionally distributed

approximately one-half (1/2) ounce of a mixture and substance containing a detectable

amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

COUNT FOUR

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about January 19, 2016, in the District of North Dakota,

GENE VINCENT HONDL,

individually and by aiding and abetting, knowingly and intentionally distributed

approximately one (1) ounce of a mixture and substance containing a detectable amount

of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

## COUNT FIVE

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about January 20, 2016, in the District of North Dakota,

JOSHUA NEWLIN, a/k/a "BISCUIT," and
GENE VINCENT HONDL,

individually and by aiding and abetting, knowingly and intentionally distributed approximately one (1) ounce of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

## COUNT SIX

**Possession with intent to Distribute Methamphetamine**
**(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about May 5, 2016, in the District of North Dakota,

GENE VINCENT HONDL and
AMANDA OROZCO,

individually and by aiding and abetting, knowingly and intentionally possessed with

intent to distribute more than 50 grams of a mixture and substance containing a detectable

amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

## COUNT SEVEN

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about January 29, 2016, in the District of North Dakota,

DAVID JEFFREY FARNSWORTH,

individually and by aiding and abetting, knowingly and intentionally distributed

approximately one (1) ounce of a mixture and substance containing a detectable amount

of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

<u>COUNT EIGHT</u>

**Distribution of Methamphetamine**
**(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about February 11, 2016, in the District of North Dakota,

DAVID JEFFREY FARNSWORTH,

individually and by aiding and abetting, knowingly and intentionally distributed more

than 50 grams of a mixture and substance containing a detectable amount of

methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

14

<u>COUNT NINE</u>

**Distribution of Methamphetamine**
**(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about February 13, 2016, in the District of North Dakota,

DAVID JEFFREY FARNSWORTH,

individually and by aiding and abetting, knowingly and intentionally distributed 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

COUNT TEN

**Distribution of Methamphetamine
(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about February 1, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB," and
DAVID JEFFREY FARNSWORTH,

individually and by aiding and abetting, knowingly and intentionally distributed 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

## COUNT ELEVEN

**Distribution of Methamphetamine**

The Grand Jury Further Charges:

On or about March 8 - 9, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

individually and by aiding and abetting, knowingly and intentionally distributed

approximately one (1) gram of a mixture and substance containing a detectable amount of

methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

and Title 18, United States Code, Section 2.

<u>COUNT TWELVE</u>

**Distribution of Methamphetamine**
**(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about March 10 - 11, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

individually and by aiding and abetting, knowingly and intentionally distributed 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

18

## COUNT THIRTEEN

**Distribution of Methamphetamine
(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about March 18 - 19, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

individually and by aiding and abetting, knowingly and intentionally distributed 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

19

<u>COUNT FOURTEEN</u>

**Distribution of Methamphetamine**
**(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about March 28 - 29, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

individually and by aiding and abetting, knowingly and intentionally distributed 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

## COUNT FIFTEEN

**Distribution of Methamphetamine**
**(50 grams or more – mixture)**

The Grand Jury Further Charges:

On or about April 14, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB," and
KIM DAVIS JOHNSON,

individually and by aiding and abetting, knowingly and intentionally distributed 50 grams

or more of a mixture and substance containing a detectable amount of methamphetamine;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B),

and Title 18, United States Code, Section 2.

COUNT SIXTEEN

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about March 8 - 9, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit:

(a) Assault (2nd Degree), in Morrison County, Minnesota, District Court, case
number 49-K9-91-001071, in or about February 1992; and,

having been convicted in any court of a misdemeanor crime of domestic violence, to-wit:

(b) Simple Assault (Domestic), in Walworth County, South Dakota, Fifth Judicial
Circuit Court, case number 13-144, in or about July 2013;

did knowingly possess in and affecting commerce a firearm, namely, one Para U.S.A.,

Inc., Model P14, .45 caliber pistol, serial number K061176;

In violation of Title 18, United States Code, Sections 2, 922(g)(1), 922(g)(9), and

924(a)(2).

COUNT SEVENTEEN

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about March 18 - 19, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit:

(a) Assault (2nd Degree), in Morrison County, Minnesota, District Court, case
number 49-K9-91-001071, in or about February 1992; and,

having been convicted in any court of a misdemeanor crime of domestic violence, to-wit:

(b) Simple Assault (Domestic), in Walworth County, South Dakota, Fifth Judicial
Circuit Court, case number 13-144, in or about July 2013;

did knowingly possess in and affecting commerce a firearm, namely, one German Sports

Guns (GMBH), Model GSG-1911, .22 caliber pistol, serial number A526386;

In violation of Title 18, United States Code, Sections 2, 922(g)(1), 922(g)(9), and

924(a)(2).

COUNT EIGHTEEN

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about March 28 - 29, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit:

(a) Assault (2nd Degree), in Morrison County, Minnesota, District Court, case number 49-K9-91-001071, in or about February 1992; and,

having been convicted in any court of a misdemeanor crime of domestic violence, to-wit:

(a) Simple Assault (Domestic), in Walworth County, South Dakota, Fifth Judicial Circuit Court, case number 13-144, in or about July 2013;

did knowingly possess in and affecting commerce one or more firearms, namely: (i) one

Beemiller (Hi-Point), Model C, 9mm caliber pistol, serial number 822706; and, (ii) one

Iver Johnson, .25 caliber pocket pistol, serial number EE09532;

In violation of Title 18, United States Code, Sections 2, 922(g)(1), 922(g)(9), and

924(a)(2).

24

COUNT NINETEEN

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

In or about March 2016, in the District of North Dakota,

CHRISTOPHER JAY BAUMGARTNER, a/k/a "THUNDER,"

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit:

(a) Reckless Endangerment, in Divide County, North Dakota, District Court, case
number 12-2013-CR-00246.3, on or about March 27, 2014;

did knowingly possess in and affecting commerce a firearm, namely, one Beemiller (Hi-

Point), Model C, 9mm caliber pistol, serial number 822706;

In violation of Title 18, United States Code, Sections 2, 922(g)(1), and 924(a)(2).

<u>COUNT TWENTY</u>

**Use of a Firearm During and in Relation to a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about March 8 - 9, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

used a firearm, namely, one Para U.S.A., Inc., Model P14, .45 caliber pistol, serial

number K061176, during and in relation to a drug trafficking crime for which ROBERT

FLOYD PETERICK, a/k/a "CONCRETE ROB, may be prosecuted in a court of the

United States, specifically, (i) Conspiracy to Distribute and Possess with Intent to

Distribute Methamphetamine, as alleged in Count One of this Indictment; and (ii)

Distribution of Methamphetamine, as alleged in Count Eleven of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

<u>COUNT TWENTY-ONE</u>

**Use of a Firearm During and in Relation to a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about March 18 - 19, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

used a firearm, namely, one German Sports Guns (GMBH), Model GSG-1911, .22

caliber pistol, serial number A526386, during and in relation to a drug trafficking crime

for which ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB, may be prosecuted

in a court of the United States, specifically, (i) Conspiracy to Distribute and Possess with

Intent to Distribute Methamphetamine, as alleged in Count One of this Indictment; and

(ii) Distribution of Methamphetamine, as alleged in Count Thirteen of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

<u>COUNT TWENTY-TWO</u>

**Use of a Firearm During and in Relation to a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about March 28 - 29, 2016, in the District of North Dakota,

ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB,"

used one or more firearms, namely: (i) one Beemiller (Hi-Point), Model C, 9mm caliber

pistol, serial number 822706; and, (ii) one Iver Johnson, .25 caliber pocket pistol, serial

number 822706; during and in relation to a drug trafficking crime for which ROBERT

FLOYD PETERICK, a/k/a "CONCRETE ROB," may be prosecuted in a court of the

United States, specifically, (i) Conspiracy to Distribute and Possess with Intent to

Distribute Methamphetamine, as alleged in Count One of this Indictment; and (ii)

Distribution of Methamphetamine, as alleged in Count Fourteen of this Indictment;

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

28

COUNT TWENTY-THREE

**Possession of a Firearm by a Prohibited Person**

The Grand Jury Further Charges:

On or about May 2016, in the District of North Dakota,

GENE VINCENT HONDL,

having been convicted in any court of a crime punishable by imprisonment for a term

exceeding one year, to wit:

(a) Possession of Methamphetamine with Intent to Deliver, in Stark County, North Dakota, District Court, case number 45-05-K-1111, in or about May 2006;

(b) Possession of Drug Paraphernalia (Methamphetamine), in Stark County, North Dakota, District Court, case number 45-2011-CR-00900 in or about February 2012; and,

(c) Possession of a Controlled Substance - Methamphetamine, in Stark County, North Dakota, District Court, case number 45-2014-CR-1147, in or about November 2014;

did knowingly possess in and affecting commerce a firearm, namely, one Savage, .22

caliber rifle, with an unidentifiable serial number;

In violation of Title 18, United States Code, Sections 2, 922(g)(1), and 924(a)(2).

## FORFEITURE ALLEGATION-ONE

The Grand Jury Further Finds Probable Cause That:

As a result of committing one or more of the controlled substance offenses alleged in Counts One, Ten, Eleven, Twelve, Thirteen, Fourteen, and Fifteen of the Indictment, defendant ROBERT FLOYD PETERICK, a/k/a "CONCRETE ROB," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One, Ten, Eleven, Twelve, Thirteen, Fourteen and Fifteen of this Indictment, including but not limited to the following:

1. one 1998 Dodge Ram pickup, green in color, bearing North Dakota license plate number 064AEC;

2. one Chevrolet pickup, red in color, bearing North Dakota license plate number 202ALR; and

3. a sum of money equal to $23,600.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Ten, Eleven, Twelve, Thirteen, Fourteen and Fifteen of this Indictment.

Further, the United States will seek a money judgment for the total amount of proceeds.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)      has been transferred to, sold to, or deposited with a third person;

(c)      has been placed beyond the jurisdiction of the Court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be subdivided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of defendant ROBERT FLOYD

PETERICK, a/k/a "CONCRETE ROB," up to the value of the above-listed forfeitable

property;

In violation of Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION - TWO

The Grand Jury Further Finds Probable Cause That:

As a result of committing one or more of the controlled substance offenses alleged in Counts One, Seven, Eight, Nine and Ten of the Indictment, defendant DAVID JEFFREY FARNSWORTH shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One, Seven, Eight, Nine, and Ten of this Indictment, including but not limited to the following:

1. a sum of money equal to $20,700.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Seven, Eight, Nine, and Ten of this Indictment.

Further, the United States will seek a money judgment for the total amount of proceeds.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred to, sold to, or deposited with a third person;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be subdivided without difficulty;

32

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of defendant DAVID JEFFREY

FARNSWORTH up to the value of the above-listed forfeitable property;

In violation of Title 21, United States Code, Section 853.

## FORFEITURE ALLEGATION - THREE

The Grand Jury Further Finds Probable Cause That:

As a result of committing one or more of the controlled substance offenses alleged in Counts One, Two, Three, Four, Five, and Six of the Indictment, defendant GENE VINCENT HONDL shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the violations and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the violations alleged in Counts One, Two, Three, Four, Five, and Six of this Indictment, including but not limited to the following:

1. a sum of money equal to $5,900.00 in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One, Two, Three, Four, Five and Six of this Indictment.

Further, the United States will seek a money judgment for the total amount of proceeds.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred to, sold to, or deposited with a third person;

(c)    has been placed beyond the jurisdiction of the Court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be subdivided without difficulty;

34

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of defendant GENE VINCENT HONDL

up to the value of the above-listed forfeitable property;

In violation of Title 21, United States Code, Section 853.

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

RLV/rab